

FILED
MAY - 8 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Ameer Flippin,   )
  )
     Plaintiff,  )
  )
v.   )   Civil Action No.  19-1221 (UNA)
  )
U.S. Department of Interior *et al.*,  )
  )
     Defendants.  )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case for want of jurisdiction.

"Federal courts are courts of limited jurisdiction" and can adjudicate only those cases entrusted to them by the Constitution or an Act of Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. 3, § 2. The doctrines of standing, mootness, and ripeness are "[t]hree inter-related" doctrines of justiciability that determine the "constitutional boundaries" of a court's jurisdiction. *Jeong Seon Han v. Lynch*, 223 F. Supp. 3d 95, 102 (D.D.C. 2016) (quoting *Worth v. Jackson*, 451 F.3d 854, 855, 857 (D.C. Cir. 2006)). "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect

the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (internal quotation marks and citation omitted). The doctrine "counsels that courts should refrain from deciding cases where the complaining party's injury is speculative, and may never occur, as review of such cases would be premature." *al Odah v. United States*, 62 F. Supp. 3d 101, 107 (D.D.C. 2014) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-149 (1967)).

Plaintiff is a resident of the District of Columbia who has brought suit under the Freedom of Information Act ("FOIA") against the Department of Interior ("DOI"), the U.S. Park Police, and the U.S. Capitol Police. Compl. Caption. Plaintiff alleges that on April 24, 2019, he submitted the underlying FOIA request to DOI through its "online portal," which DOI acknowledged that same day. Compl. ¶¶ 8-9. Plaintiff requested records pertaining to his arrest on December 30, 2018, and the personnel files of and other information about the arresting officers "believed to be . . . of the US Parks Police and/or the US Capitol Police." *Id.* ¶ 8. The agency's acknowledgment notice "advised that [plaintiff's] correspondence had been forwarded to the U.S. Parks Police FOIA Officers." *Id.* ¶ 9. Plaintiff filed the instant complaint, also dated April 24, 2019, the day after he submitted his FOIA request to the agency.[1] *See* Dkt. # 1.

Under the FOIA, an agency "shall . . . determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request . . . ." 5 U.S.C. § 552(a)(6)(A)(i). It is only when "the agency fails to notify the

---

[1] Plaintiff alleges that a "substantive response from the Defendants is needed in related Case no. 19-mc-00019," Compl. ¶ 10, but that miscellaneous action has nothing to do with the FOIA, and it is closed. Plaintiff had removed from D.C. Superior Court his criminal prosecution pursuant to 28 U.S.C. § 1455. But the Court found the removal notice premature and remanded the case. *See In re: Ameer Flippin*, No. 19-mc-00019 (D.D.C. filed Feb. 6, 2019).

requestor of its determination within twenty days" that "a plaintiff shall be deemed to have constructively exhausted [its] administrative remedies and can file suit." *Judicial Watch, Inc. v. U.S. Dep't of Energy,* 888 F. Supp. 2d 189, 192-93 (D.D.C. 2012) (internal quotation marks and citation omitted) (alteration in original). Plaintiff filed this action long before expiration of the twenty-day period, thereby rendering judicial review premature. A separate order of dismissal accompanies this Memorandum Opinion.

Date: May 7th, 2019

United States District Judge