# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMEER FLIPPIN, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 19-1221 (BAH) |
| | ) Chief Judge Beryl A. Howell |
| U.S. DEPARTMENT OF INTERIOR *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The plaintiff, Ameer Flippin, filed this lawsuit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel disclosure of records pertaining to certain federal police officers, maintained by the Department of Interior ("DOI"). Pending are Defendant United States Capitol Police Department's Motion to Dismiss, ECF No. 14, and Defendants Department of the Interior ("DOI") and United States Park Police's Motion to Dismiss, or in the Alternative, for Summary Judgment, ECF No. 16. For the reasons discussed below, each motion will be granted.

## I. BACKGROUND

In a FOIA request submitted to DOI on April 24, 2019, through its "online portal," the plaintiff requested records pertaining to his arrest on December 30, 2018, and the personnel files of and other information about the arresting officers "believed to be . . . of the US Parks Police and/or the US Capitol Police." Compl. ¶ 8. DOI acknowledged the plaintiff's request on the day it was submitted and "advised that the correspondence had been forwarded to the U.S.

1

Parks Police FOIA Officers."  *Id*. ¶ 9.  Yet the plaintiff lodged the instant complaint, also dated April 24, 2019, with the Clerk of Court on April 25, 2019.  The complaint was filed before expiration of the 20 days an agency has under FOIA to respond to a request and, consequently, this action was dismissed promptly.  *See* May 8, 2019 Mem. Op., ECF No. 4.

On May 31, 2019, the plaintiff filed a motion to reconsider the dismissal order, asserting that the 20-day response time had expired.  *See* Mot., ECF No. 7.  In a supporting memorandum filed on June 12, 2019, the plaintiff claimed that DOI had yet to provide "a candid reply" to his request.  Mem. of P. & A. at 2, ECF No. 8.  The plaintiff's assertions were accepted as true "[f]or present purposes," and he was "deem[ed] to have constructively exhausted his administrative remedies."  Jun. 12, 2019 Order, ECF No. 9.  Accordingly, the plaintiff's motion was granted, and this case was reopened and randomly assigned to the undersigned judge for further proceedings.  *See id*.

Meanwhile, on May 24, 2019, DOI responded to the plaintiff's FOIA request by releasing certain information and withholding certain information under FOIA Exemptions 2, 6 and 7(C).  Def.'s Ex. A, ECF No. 16-3.  The release letter informed the plaintiff of his right to appeal to the agency's FOIA/Privacy Act Appeals Office within 90 workdays from the date of the letter.  *Id*.

## II. DISCUSSION

### A. U.S. Capitol Police's Motion to Dismiss

The U.S. Capitol Police asserts correctly that as "an entity of the Congress," it is not a proper FOIA defendant.  Mot. at 4 (citing 5 C.F.R. § 2641.104).  The FOIA applies to executive branch agencies of the federal government.  *See* 5 U.S.C. § 552(f)(1).  "The Congress" is specifically excluded from the statutory definition of agency, *id*. § 551(1)(A); therefore, the

plaintiff can bring no claim against this defendant. Accordingly, the complaint against the U.S. Capitol Police is dismissed with prejudice for failure to state a claim upon which relief can be granted.[1]

**B. DOI and U.S. Park Police's Motion to Dismiss**

DOI, of which the Park Police is a component, asserts that dismissal is warranted because the plaintiff failed to exhaust his administrative remedies before filing suit. Mem. at 4-5. The Court agrees.

"Exhaustion of administrative remedies is generally required before seeking judicial review" under FOIA, *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam), in order that an agency have "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision," *id*. (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)). FOIA requires an agency to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply" and to "immediately notify" the requester. 5 U.S.C. § 552(a)(6)(A)(i). If "the agency fails to answer the request within twenty days," *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003), the requester "shall be deemed to have exhausted his administrative remedies," and he may proceed directly to court, 5 U.S.C. § 552(a)(6)(c)(i). If "the agency responds to the request after the twenty-day statutory window, but before the requester files suit, the administrative exhaustion requirement still applies." *Rossotti*, 326 F.3d at 1310 (citing *Oglesby*, 920 F.2d at 64-65). In other words, the "right to judicial review based

---

[1] The U.S. Capitol Police has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. The Court is satisfied that it has subject matter jurisdiction as conferred by FOIA.

3

on constructive exhaustion ends . . . if an agency responds at any time before the requester files suit." *Flaherty v. President of U.S.*, 796 F. Supp. 2d 201, 208-09 (D.D.C. 2011), *aff'd sub nom. Flaherty v. I.R.S.*, 468 Fed. App'x 8 (D.C. Cir. 2012).

Although the exhaustion requirement is not jurisdictional, it "can be a substantive ground for rejecting a FOIA claim in litigation." *Bayala v. United States Dep't of Homeland Sec., Office of Gen. Counsel*, 827 F.3d 31, 35 (D.C. Cir. 2016). "The District of Columbia Circuit instructs that '[a] FOIA plaintiff's failure to exhaust administrative remedies before filing a civil action is properly treated as a failure to state a claim upon which relief may be granted' under Fed. R. Civ. P. 12(b)(6)." *Mitchell v. Samuels*, 160 F. Supp. 3d 8, 12, n.4 (D.D.C. 2016) (quoting *Saldana v. Fed. Bureau of Prisons*, 715 F. Supp. 2d 10, 18 (D.D.C. 2010), citing *Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003)). The plaintiff admits in the complaint -- dated the same day as the FOIA request -- that DOI acknowledged his request on the day it was submitted and "advised" him that the request "had been forwarded" to the Park Police's FOIA Officers for processing. Compl. ¶¶ 8-9. Before the plaintiff moved to reopen this action, moreover, DOI had in fact responded to his FOIA request, explaining (1) why certain information was withheld and (2) the plaintiff's right to pursue an administrative appeal. *See* Def.'s Ex. A.[2] DOI has not

---

[2] Mindful that consideration of this exhibit could trigger the conversion rule, *see* Fed. R. Civ. P. 12(d), DOI has moved in the alternative for summary judgment. Mem. of P & A at 5. But in ruling on a motion to dismiss under Rule 12(b)(6), a court may consider "the factual allegations set forth in the complaint, documents attached to or incorporated by reference in the complaint, and matters subject to judicial notice" without converting the motion into one for summary judgment under Rule 56. *Ruffin v. Gray*, 443 Fed. App'x. 562, 563 (D.C. Cir. 2011) (per curiam) (internal quotation marks omitted). Such "matters" include "official, public documents," *Grant v. Dep't of Treasury*, 194 F. Supp. 3d 25, 28 (D.D.C. 2016) (citing *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007)), and, as here, agency decisions, *Gumpad v. Comm'r of Soc. Sec. Admin.*, 19 F. Supp. 3d 325, 328 (D.D.C. 2014). In addition, a court may consider without triggering the conversion rule "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but

"abandoned" that decision during the course of this litigation, *Bayala*, 827 F.3d at 35, and thus the plaintiff must exhaust his administrative remedies before obtaining judicial review.

### III. CONCLUSION

For the foregoing reasons, the Capitol Police's motion is granted on the ground that it is not a proper defendant under FOIA, and DOI's motion is granted on the ground that the plaintiff failed to exhaust his administrative remedies before filing suit. A separate Order consistent with this Memorandum Opinion will be filed contemporaneously.

/s/ *Beryl A. Howell*
CHIEF JUDGE

DATE: December 31, 2019

---

by the defendant in a motion to dismiss." *Gumpad*, 19 F. Supp. 3d at 328 (quoting *Hinton v. Corrections Corp. of America*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (internal quotation marks omitted)).